## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2019, 6:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie Boots
Marion County Public Defender Agency

Susan D. Rayl
Smith Rayl Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zechariah Brian James,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 22, 2019

Court of Appeals Case No.
18A-CR-1086

Appeal from the Marion Superior Court

The Honorable Alicia Gooden, Judge

Trial Court Cause No.
49G21-1607-F2-026238

**Barnes, Senior Judge.**

# Statement of the Case

[1] Zechariah James appeals from his conviction of one count of dealing in a narcotic drug[1] as a Level 2 felony, contending that the trial court abused its discretion or committed fundamental error by allowing an officer to testify as a skilled witness during his bench trial. We affirm.

# Issue

[2] The sole issue presented for appeal is as follows: whether the trial court erred in allowing a detective with more than twenty years of experience in law enforcement, including supervising undercover narcotics purchases, to testify as a skilled witness.

# Facts and Procedural History

[3] On the afternoon of July 6, 2016, Indianapolis Metropolitan Police Department Detectives Michael Condon and Gabriel Cuevas went to America's Best Value Inn with an active warrant to arrest James for murder. Prior to arriving at that location, the officers were alerted that James had exited the east side of the building and had entered a vehicle.

[4] Law enforcement officers approached James, who was sitting in the front passenger seat of the vehicle and arrested him without incident pursuant to the warrant. The officers performed a search incident to arrest that resulted in the

---

[1] Ind. Code § 35-48-4-1(e)(1) (2016).

seizure of approximately fifty-five grams of heroin located in the left front pocket of James' pants. The heroin had been packaged in knotted plastic baggies and was divided into quantities of 41.45 grams, 10.46 grams, 1.17 grams, and .52 grams and placed in a larger plastic bag. During that search, officers also seized approximately $2,800 in cash that was folded and wrapped with a rubber band, identification cards, and cell phones. There were no items of paraphernalia recovered as part of the search.

[5] On July 8, 2016, James was charged with dealing in a narcotic drug and possession of a narcotic drug, and was alleged to be an habitual offender. A bifurcated bench trial took place on April 6 and April 9, 2018. During the bench trial, Detectives Condon and Cuevas testified about their experience with encountering narcotics during investigations. A forensic scientist from the Marion County Crime Lab testified about his findings and report after testing, identifying, and weighing the heroin submitted for his review in this case.[2] James was convicted of dealing in a narcotic drug and possession of a narcotic drug.[3] The trial court sentenced James to eighteen years in the Department of Correction for dealing in a narcotic drug. James now appeals.

---

[2] Marijuana was also found, tested, and identified. The State, however, dismissed all charges related to the marijuana that was seized.

[3] The State dismissed the habitual offender enhancement during the trial.

# Discussion and Decision

[6] James argues that the trial court abused its discretion by allowing Detective Condon to testify as a skilled witness that James' possession of that quantity of heroin and cash was consistent with amounts possessed by heroin dealers. James argues in the alternative that if Detective Condon's continued testimony as a skilled witness, despite James' objections, is considered to be a waiver of the argument, the error was nonetheless fundamental error. In either event, James urges this Court to reduce his conviction to possession of a narcotic drug for which he should be resentenced by this Court or the trial court.

[7] A trial court has broad discretion in ruling on the admissibility of evidence. *Dycus v. State*, 108 N.E.3d 301, 303 (Ind. 2018). Ordinarily, a reviewing court will disturb a trial court's rulings on the admissibility of evidence only where it has abused its discretion. *Id*. A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it, or if it misapplies the law. *Id.*

[8] In *Kubsch v. State*, 784 N.E.2d 905, 922 (Ind. 2003), the Supreme Court stated the following about skilled and expert witnesses:

> Although a witness may not be qualified to offer expert testimony under Indiana Evidence Rule 702, the witness may be qualified as a 'skilled witness' (sometimes referred to as a 'skilled lay observer'), . . .under Indiana Evidence Rule 701. A skilled witness is a person with a 'degree of knowledge short of that sufficient to be declared an expert under [Indiana Evidence] Rule 702, but somewhat beyond that possessed by the ordinary jurors.'

> Under Indiana Evidence Rule 701, a skilled witness may provide an opinion or inference that is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.'

(internal citations omitted). Perception and perceive have been defined, respectively, as "the process, act, or faculty of perceiving. . . .insight, intuition, or knowledge gained by perceiving," and "to become aware of directly through any of the senses," especially sight or hearing. *Id.* The Supreme Court concluded the officer's testimony should not have been admitted in *Kubsch* because it was not rationally based upon his perceptions at the scene of the crime.

[9] In *Davis v. State*, 791 N.E.2d 266, 268 (Ind. Ct. App. 2003), *trans. denied*, the condition that a skilled witness's opinion be rationally based was defined as meaning that "the opinion must be one that a reasonable person could normally form from the perceived facts." For an opinion to be helpful, it means in pertinent part that "the testimony gives substance to facts, which are difficult to articulate." *Id.* at 269. The officer's testimony in *Davis* was properly admitted because the State had laid an appropriate foundation supporting the officer's training and expertise for his opinion about what someone possessing a package of that quantity of narcotics would intend to do with the substance. *Id.*

[10] At the time of his testimony, Detective Condon had worked in law enforcement for twenty years and had worked for IMPD for sixteen of those twenty years. As a detective with the IMPD violent crimes unit Condon had been involved in

controlled purchases of heroin, using either an undercover detective or a confidential informant for those purchases. He testified that the undercover officers or informants would purchase one or two grams of heroin for the purchase price of anywhere from $60 to $250. He further testified that heroin that is purchased as one or two grams is usually packaged in aluminum tinfoil. He identified the paraphernalia frequently used by addicts to ingest heroin and also testified about the physical signs exhibited by heroin addicts.

[11] Detective Condon added that confidential informants or undercover detectives will purchase drugs from a target three to four times a week in part to build a rapport with the dealer. Dealers do not find it unusual for addicts to purchase the same amount several times during the week. He also stated that users generally do not have enough money to buy a bulk amount of narcotics and if they did buy a large amount they would likely overdose.

[12] Condon testified that unlike users, dealers he has arrested will be in possession of ten or more ounces of a narcotic, with an ounce being approximately twenty-eight grams. In general, dealers he had arrested were not also in possession of paraphernalia.

[13] On cross-examination, Detective Condon testified that although he was a detective in the violent crimes unit and had never been a narcotics detective, he had attended narcotics detective school and undercover detective school in addition to training sessions provided by the law enforcement academy. He

testified that he had also been involved in executing search warrants on the homes of drug dealers.

[14] The following are the three objections made by James' counsel during Detective Condon's testimony and the trial court's rulings on the same:

> Q: - - I guess generally speaking what is heroin?
> A: Heroin is a narcotic that is extremely, highly addictive -
>
> [Defense counsel]: Objection judge[.] [A]t this point [what] he says [is] fine as to what the specific drug is, saying he's testifying about his experience with [the] drug[.] [B]ut he's not a chemist[.] [H]e's not a Doctor[.] I don't know that he's laid a proper foundation to testify as to what heroin is, and what the effects of it may be or anything along those lines.
>
> [The Court]: I'll sustain [the objection] as to the detective's last comment maybe be [sic] - - his expertise not in the technical sense but based on his training experience there might be a [sic], more for the foundation later[,] but at this point I'll sustain the objection.
>
> * * * *
>
> Q: When somebody is purchasing the 60s had [sic] to $200 range of heroin how often are they going to see their heroin dealer?
>
> [Defense counsel]: Objection judge[.] I think that goes beyond his personal knowledge and is also speculation.
>
> [The Court]: Why don't you rephrase.
>
> * * * *

Q: Let's talk about heroin dealers now[.] [A]re they typically using their own product?

A: Typically[,] no.

Q: Why don't you often come across heroin users or heroin dealers who are also users?

A: - - number one they'd never be successful because they will be using their own product and -

[Defense counsel]: Objection judge[.] I think this goes into sort of opinion testimony that's not really backed up by any kind of foundation that this person is expert on you know heroin dealers. He's a violent crimes detective[.] [H]e's been a violent crimes detective his entire detective career[.] [T]o my knowledge she's [sic] never been a narcotics detective[.] I don't [know] what special training he has in narcotics[.] I appreciate that he has been involved in some undercover buys[,] but at this point I think his testimony is going onto just basically his own personal opinion.

[The Court]: Perhaps [the State,] and understand again [this is being] tried to the court as opposed to a jury, but perhaps a further expansion on his training experience in narcotics offenses may be helpful. I will find that you know assuming that can be established of this detective will be operating as a skilled witness, not an expert witness[.] [S]ome witnesses are allowed to render opinions based on their experience so.

[The State]: Thank you judge.

Tr. Vol. II, pp. 57-62.

[15] We do not find that the argument has been waived. James' counsel objected to testimony that would require speculation and argued to limit Detective

Condon's testimony to opinions rationally based on his perceptions and experience. Even so, Detective Condon demonstrated a degree of knowledge beyond that of ordinary jurors, and his testimony met the requirements of Rule 701. The trial court did not abuse its discretion by allowing Detective Condon to testify as a skilled witness.

[16] Further, even if the argument had been waived, the admission of Detective Condon's testimony does not amount to fundamental error, an extremely narrow exception to the waiver rule. James has not established that the alleged errors were so prejudicial to his rights such that he was denied a fair trial. *See Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014) (fundamental error is narrow exception to waiver rule where defendant bears burden of showing errors so prejudicial to his rights that fair trial is impossible).

[17] Ryan Farrell, a forensic scientist in the Marion County Crime Lab, testified about his findings and report after testing, identifying, and weighing the heroin submitted for his review in this case. He testified without objection to the identification of the substance and the amounts contained in each of the separate bags. Detective Condon testified without objection to the amount of heroin generally purchased by users or addicts and amounts of heroin generally possessed by drug dealers. Assuming for the sake of argument that the issue was waived, James has not met his burden of establishing fundamental error.

# Conclusion

[18] For the reasons stated above, the trial court did not abuse its discretion in admitting the testimony of a skilled witness.

[19] Affirmed.

Bailey, J., and Crone, J., concur.